Counsel for the second case, Frazier v. Prince George's County, can join us and give us a moment of silence to hear from the plaintiff's appellant. Is it Miss is Ronnie? Yes. We're happy to hear from you. Good morning, your honors. And may it please the court. Laura is Ronnie on behalf of plaintiff's appellants. As a constitutional matter, a person cannot be deprived of their liberty prior to trial unless a court has made an affirmative finding that their detention is necessary because there are no conditions of release that will sufficiently ensure community safety and return to court. When courts in Prince George's County refer detained individuals to the County Department of Corrections for it to decide whether any such conditions exist and to release the person without further judicial involvement, these courts have, by definition, not made an affirmative finding that there are no workable release conditions. Before we get too far into this, can I just ask you a question that is triggered by the first thing you said that has been rattling around in my brain? So everyone says that the Constitution requires what you just said and some more things like a neutral decision maker and clear and convincing evidence, and they always cite Salerno. The problem I keep running into is Salerno doesn't say that's the constitutional floor. Salerno cites, Salerno rejects a constitutional challenge to a law that requires those things, which is different than saying that is the constitutional floor. Has this court, do you know, have we or has any other court you're aware of said that is the constitutional floor as opposed to simply assuming that Salerno sets the constitutional, that says the Bail Reform Act is not only constitutional, but it is the constitutional minimum, which is not what Salerno says? Yes, Your Honor. There have been courts around the country that have addressed this issue, and many of these cases are cited in our briefs. So maybe that ship has sailed. Maybe it's just everyone cites Salerno for the proposition, and then I read Salerno, and I don't see where that proposition comes from in Salerno, but maybe, and I don't see the other side as disagreeing with it. It's just every single time people cite Salerno for that proposition, I don't understand how Salerno stands for that proposition. Have we ever said that? I understand that you cite some cases, some of which I think assume it. I'm not sure I saw one that really had like a meaningful discussion about this question, right, as opposed to sort of, you know, sort of a drive by assumption. Do you have a case that really, like, analyzed the question as opposed to sort of, you know, states it without analysis? I mean, that's, I understand you have some cases that seem to, you can say assume it or adopt it or whatever, but do you have a case that really, like, grappled with the question that Salerno left open? Sure. I'm not sure this court has ever had the opportunity, but I would point to the Ninth Circuit's unbunked decision in Lopez Valenzuela. I'll also try and grapple with it here. I think the procedural posture in Salerno was that the Second Circuit had struck down the Bail Reform Act, had said it's not constitutional, and the Supreme Court resurrected it kind of by the skin of its teeth, saying because it narrowly focuses on a certain class of individuals, because it has these numerous, you know, groups of individuals, it's not constitutional. And so, because of the numerous procedural protections, we're going to let this slide. And then we see in Supreme Court cases since then, in Fucha v. Louisiana, in Reno v. Forrest, in Zabios v. Davis, the court says, we have upheld preventive detention only when limited, carefully limited, and subject to strong procedural protections. So we see the Supreme Court drawing a spectrum between Salerno, on the one hand, and cases like Fucha's on the other, where the statute was not carefully limited, it did not have rigorous procedural protections, and the court has struck systems like that down in contrast to that with Salerno. And that has been addressed, of course, by the Ninth Circuit, but also by district courts around the country, and particularly in cases that are analyzing preventive detention by unaffordable money bail, such as the First Circuit's decision in Montecan, Zaius. Can I ask you just another threshold question before we get in? Do you concede that you can't get injunctive relief against the judges? Yes, we never move for an injunction against the judges. And on what basis can you get declaratory relief against them? Why don't they have absolute judicial immunity against declaratory relief, too? Because under 1983 and the Declaratory Judgment Act, we can seek a declaratory judgment against someone acting in a judicial capacity. We can't get an injunction unless the declaration… Under what's the authority for that? 42 U.S.C. 1983. Sorry, what case says that that's… No, I know the site to 1983, right? So I'm just going through it. So generally speaking, judges have absolute immunity while taking acts in their judicial function. And whatever else folks are doing when they're issuing these orders, they're pretty clearly acting in a judicial function. So what authority do you have for the proposition there is an exception to absolute judicial immunity that allows declaratory judgments against them? I believe that was the Supreme Court's decision in Pulliam. I'll also point you again to the cases about preventive detention by money bail where there has been declaratory judgment entered against judges. We're moving for an injunction only against the county because the county, under Ex Parte Young, is the enforcement actor. It can be enjoined. So the facts of this case are unique, but I think the remedies sought are not. Can I ask another question? I know we're not giving you much of a chance to talk, but you started by saying it requires an affirmative finding by a judge, right? And other protections, but let me just sort of focus on that one because it's the one that you started with. When I look at these orders, and I just happen to be looking at J522, but there are lots of these. I'm having a hard time understanding how I'm supposed to interpret this because it says that a hearing was held before the judge. It's signed by Judge Karrington, and it says the defendant is committed without bail, period. And then they're following conditions that come after, and that includes this PTR level too. How do I interpret the judge saying the defendant is committed without bail as being anything other than the judge committing the person without bail? It's a finding, and the reason this matters to me, just to help give some context, is the injunction you propose says you can't detain somebody unless it's given these protections. And it seems like it's getting all of these protections and a finding, maybe not done according to state law, but that's not a problem I can address because that's about the judge, not the county. But if I'm the county and you enter this injunction, I think I would just say, I've got a finding that the defendant is committed without bail, full stop. That's an excellent question, Your Honor, and I think that is the heart of this case. When a judge is saying you're committed without bail, but here are some release conditions and you're also authorized for pretrial, the judge is saying you can be detained, but you can also be released. And if you can be released, then as a constitutional matter, you must be released. There is a presumption of release. No, but that's not correct, right? So a judge can well say you are committed to detention, but you can be released with a $100,000 bond, right? So we understand the judge there to be saying you are committed and that you must be committed unless you satisfy this $100,000 bond, because that's what I've found is necessary to secure your return and the safety of the community, right? So there's a detention with an if condition, but if you do this, then I think you can be released, right? But there's still a finding that you are detained. Sure, Your Honor. So I think this takes us back. This takes us to what happens in the Department of Corrections when that order is issued. If a judge sets a money bail, typically. No, no, no, but I don't. So you're making a very pragmatic argument, which I totally understand, and that I get. But what I'm trying to wrestle with, and maybe the answer is you don't know, but I've got to look at the order and see, did the trial court judge or whoever Judge Carrington is, did the judge, as you say, make an affirmative finding that this person must be detained? The answer is yes, right? I mean, I don't understand any way to read this other than the defendant is committed without bail. Your Honor, I think. Just tell me, can I read that some other way? The words on the page are you're committed without bail, but we can release you. In other cases, the judge is written is writing you're committed without bail. No ifs, ands, or buts. There's a subset of cases where the judges in Prince George's County are explicitly at the bail review hearing ordering detention. They're not authorizing pretrial. They're not leaving the door open to anything else. And so those are the bail orders we can look at and say, yes, detention is necessary. The subset of bail orders where there are other conditions of release, and I think your Honor's question goes to how the proposed injunction may be implemented in such a way that allows the Department of Corrections to look at it and know whether they have a legal basis to detain someone. And I would say that if the crux of our case is that if the bail order does not say detention is necessary, then sorry, does not include any exceptions, then yes, that detention finding necessity finding has been made. But if there are exceptions, if the court has authorized release, then as the county does not have unfettered discretion to deny release based on criteria that the county itself makes up and implements on a case by case basis. Right. But you're asking me to read a lot into an order that just says committed without bail. And you say, don't read that as saying committed without bail, because in some other cases they say something different. Right. To me, I have a hard time reading that as any other way. Right. That's the trouble that I'm having. And it matters, I think, for a number of reasons that we'll get to. But. It mostly matters, I think, because I'm not sure your injunction will have any impact whatsoever. And that creates a problem, obviously. Sure, Your Honor. And I I'll point out that that injunction is modeled after injunctions in other cases like McNeil and Rodriguez. And what we're specifically asking this court to do is to remand with instructions to the district court to enter an injunction that gives the district court an opportunity to fashion an injunction. The injunction you're looking at is our proposal, but gives the district court an opportunity to fashion injunction based on the specific facts of this case and based on this court's articulation of the law and the constitutional principles that will redress the particular harms in this case. Well, that's your that's your full sort of request. But you also have an intermediate request, right, which is the district court should comply with federal civil procedure. That's that's the sort of threat. Well, I guess I know that's the threshold argument, but you also have that argument, right? We do, Your Honor. The district court, as you'll see, the district court's order is page 831 of the record. It's one paragraph. It does not mention the legal standard for preliminary injunctions. It states that the district court is denying the preliminary injunction for the reasons stated on this telephone conference. And then I go to that and I don't see a lot of. Sure. I think the best explanation is that page 785 of the appendix, the court simply says, I don't have enough of a record to know whether a preliminary injunction should issue. And when the plaintiffs pointed out that there was extensive evidence submitted and that the relevant facts are not in dispute, page 547 of the appendix, the county concedes that the plaintiffs are generally correct about how this works as a factual matter. The court then says, and this is page 786, I also don't I don't want to issue a preliminary injunction because it's duplicative. And that we submit was a clear violation of Rule 52 and of this court's precedent in cases like Greenhill and Bratcher. And that's why that is our threshold ask of this court. But because, as I said, the relevant facts are undisputed and I'll point the court to the county's admission at page. But how are the relevant facts undisputed when we don't know what the order does? Right. I mean, you've got a different view. I mean, I can imagine a district court judge agreeing with you and saying, yes, the words committed without bail mean. Committed, but subject to lots of exceptions, meaning something different, but that seems like a factual dispute, right? What the order actually means seems like a factual dispute. What is undisputed, your honor, is the effect of that order, which is that it allows the county to either release a person without further judicial involvement or to detain them again without any sort of automatic judicial review. Subject to criteria that the county has developed and that they submitted in the record at page 592. And in that same document, they lay out the process. It's totally fair, but who's who's responsible for that depends on what the order is. Right. And if if who's responsible for that. So if the judge issued an order that said, I have engaged in all this finding and I've done all these things and I make this affirmative finding pursuant to state law that you are committed without bail, period. And then goes on and says, but this detention center has got its own program and they can do whatever they want to do. Right. Because the executive has that discretion. Right. That then is now just on the detention center, not on the judge. But you can imagine it being the other way. I think in any case, and I would point your honor to the Sixth Circuit's decision in McNeil, when somebody is detained in violation of due process, that is a product of two harms, one by the judge and one by the jailer. And plaintiffs have a legal right to seek a remedy from the jailer, in this case, the County Department of Corrections. But but not if there was a finding. If there if this if I read this as being an affirmative finding from a judge that you're committed without bail. And I'm not saying we should read it that way, but you could read it that way because it says that. Right. Well, then the jail is not doing any they're not they're not violating any any due process rights because he's had a hearing. There's an affirmative finding. It's by a judge. He was represented by counsel. All the Salerno things. All of those happened. Right. You want to say that this isn't a finding. Right. And my only point is, is like it's unclear to me whether it's a finding or not, but it surely says that it is. Sure, Your Honor. And I think that the difference there is very subtle. It says held without bail. But it is not an affirmative finding that there are no workable release conditions because it, in fact, lists possible release conditions and authorizes the pretrial division to release the person subject to additional conditions. I see my time is up. Thank you. Mr. Murray. Yes. Happy to hear from you. If it pleases the court. Good morning, Your Honor. If you don't mind standing in front of the microphone, it'll help us pick you up. Thank you. Your I think. Sometimes when when when a case presents multiple issues, we sometimes get lost in the weeds and at the risk of oversimplifying. My response in this case, I think we need to scale back and understand precisely why we're here today. We're here today because the district court denied the plaintiff's motion for preliminary injunctive relief that sought to enjoin the county detention center from honoring commitment orders issued by the state courts for Prince George's County. And it's the plaintiff's argument that they had to do sufficient evidence on the record to warrant a preliminary injunction. And it's the county's position that the district court in the exercise of its discretion was well within its discretion to deny that motion for preliminary injunction. Contrary to Mr. Frazier's argument, the district court did review their motion, all their submissions. They had the benefit of the briefing of motions to dismiss at the March 2nd, 2023 conference, which is joint extract telephone conference amongst counsel, which is doing extract 781 through 820. They heard arguments from counsel regarding the proprietary the propriety of a preliminary injunction and the workability of a preliminary injunction when it was not directed to the judges themselves. In other words, how would such an injunction work if the judges weren't bound by the injunction, yet the county detention center and its employees would be? The court was confounded by that proposition, and justifiably so. When I requested of counsel the authority upon which such an injunction could issue, as stated here again today, it was based on the proposition of Ex parte Young. Can I just take a step back? Yes, sir. In terms of, you said we're going to go to the issue that's easy. Let me state with you the issue that strikes me as easy and try to convince me that I'm wrong. I'm quoting our decision here. This is, oh God, I can't pronounce that. Okay, so it's signed the briefs. How in the world does the district court's order here not flagrantly violate Rule 52A2? I'm going to read it. In granting or refusing an interlocutory injunction, the court must state the findings and conclusions that support its action. And so when I look at the court's order, it says read the transcript of the telephone conference, and then I read the telephone conference, and I candidly don't see very many reasons other than, this seems like a lot of trouble, so no. Well, Your Honor, my response would be that that telephone conference was not the sum of all of the reasons I think the court had in mind. Maybe so. Maybe yes, maybe not. But the whole point is I'm not supposed to have to guess why the district court did something. Right. Must state the findings and conclusions, right? So not have them, not imagine them, not think them, not have some hopes about them or whatever, right? You must state them. I understand how the rule is written and how that issue is apparent in this case. However, having not done so, it would be harmless error and thus unnecessary for the court to remand the case to the district court for such findings because it had ample reasons to deny the motion for preliminary injunction in any event. All right, so help me understand that. So tell me how I read, and I answered your counsel a good bit about this, right? So I've got one example. There are lots of these, right? I've got this order that says the defendant is committed without bail, right? And so one could read that as saying I'm making the findings that are required, whether by Solano or otherwise. I'm making affirmative findings. The person is committed without bail. And if that's true, if that's what this order means, that's one set of arguments. And we can talk about what the effect of that is. And I think that's where you were trying to go a little bit with the judge-jail distinction. The problem is the order doesn't stop there, right? It then goes on and says, or they can be released pursuant to this PTR program at level four, right? But you could read that as saying you're just deferring entirely to an executive agency to make the bail decision. And I don't know which way to read these orders. And to me, determining whether a preliminary injunction should issue or not against the jail seems to turn pretty heavily on which way to read that order. So how would it be harmless? Let's assume, I think fairly, that we've got a Rule 52 violation and assume for a minute that there can be harmless error for that, which probably can be. How do I find it's harmless without some determination as to what this piece of paper means? Your Honor, as our brief indicated, that paper essentially means the court has satisfied its constitutional obligation through the conduct of the bail review hearing. It has set a bond amount. It has set whatever other pretrial release conditions it may find appropriate. But it also gives the accused a second bite at the apple by allowing the executive, if it chooses, to release the defendant based upon its criteria. That's a totally fair reading. And if you have a district court judge that so finds that that's the best way to read this maybe a little bit arguably inconsistent document, I get you. But that strikes me as a core factual finding. What does this order actually do? And that's the factual finding. And that's why we need the Rule 52 findings, the statements as to did the district court find that? Did the district court agree with your opponent that it doesn't say that, right? Y'all have a difference in view about what these orders do. Correct. And as a general matter, our job is typically not to like parse the record and look at the 15 or these or so that are in the record. Not that we haven't done it, but that's not really our job is to figure out how to interpret and understand state action and what it really means. Like, that's what the district court does. That's why we asked for these Rule 52 findings. Understood, Your Honor. And I would be remiss to suggest that the record could and should have more clarity and more findings. And there is a dispute as to what those orders mean because plaintiffs, Mr. Frazier uses the term authorized, but they frankly use it as a synonym for thou shalt be released once taken over by the executive branch. And that's not at all. Well, let me put it this way. So as I understand it as a factual matter, I think, tell me if I'm wrong, but I think there's an agreement on this. So you go before this judge. This judge can do, broadly speaking, three things. They can say, release you. The judge can say, release you, right? The judge can say, detain this person, and no one has the authority to countermand that. I am ordering them detained, and no executive branch official decides they will not be detained, right? They can do that. Correct. So there is a category of judicial order that says there is no executive branch override. This person is being detained, and there's no possibility. And so then the second category is, based on what I know now, I'm detaining you, but if the executive decides otherwise, the executive can decide otherwise. There's an intermediate category, which is what this case is mainly about, the intermediate category, right? That's correct, Your Honor. Okay, so it strikes me that the judge there is probably saying one of two things. One is, I think you probably can be released, but I need to leave it to the executive branch to work out the conditions under which you can be released. Or, I don't know. I genuinely don't know if you can be released, and so I leave it to the executive branch to figure out, first, if you can be, and second, under what conditions you can be, right? Well, typically, Your Honor, the state court judges are very familiar, having worked on a daily basis with the county's pretrial release unit representatives, they're very familiar with the various levels of pretrial release and what the criteria are for those levels. So a typical order will specify… I have no doubt that what you're saying is probably true, but these also sound like facts I need to know. What is the familiarity and all those things? The reason I say it is there's a way to interpret what the judge… I guess what I know for sure, because of the existence of what I'm calling Category 2, I know because there is this category where the judge sends you to detention and says the executive cannot let you out. I know there's a category of some cases where the judge concludes for herself there is no way to let you out. And I know, I guess by definition, if we're in Category 3, it's not one of those cases. And so then let me ask you this other question, which is to say, why don't we also need findings on… So we're in the Category 3, the judge sends you to the executive for the executive to decide, and my understanding, correct me if I'm wrong, is that there is in principle a mechanism if the executive doesn't let you out to go back to the judge and say, please let me out. Right? That's correct. But my sense is that there's a disagreement between how does that work and how timely of it is and how realistic is the possibility of getting the judge. Is that also fair to say? That is also correct. Why don't I need factual findings about that? Because I could imagine, I mean, I'm thinking like the PSR in a criminal case or something. I don't know if it's necessarily a bad idea for the judge to say, based on what I know right now, I don't have enough information to know if you can be released. So I'm going to ask the people who do this for a living to basically make some inquiries and basically send me a report about whether they think this person can be released and then come back to me and I'll make the final decision. That doesn't in principle strike me as constitutionally problematic. But it would be very different if you go to the executive and then as a practical matter you get no judicial review. Like it might matter to me what happens on the back end when the executive branch decides you can't be released. And why don't I need facts about that? Your Honor, because once the court is done with its function and the defendant is remanded to the custody of the executive branch, it then becomes a function of the executive branch to determine under its criteria whether and under what conditions to release the defendant. When we use the term release, you must continue to understand that there is a commitment order that Judge Richardson spoke of as an example. Whether the person, whether the accused is released on what's called pre-trial release or not, they are still that commitment order that commits the defendant to the custody of the county detention center and commands that entity, the county detention center, to produce that body at the next scheduled court hearing. So even though we use the term pre-trial release, it's release in the sense that they serve their pre-trial time outside the confines of the four walls of the jail, as it were, but they're still technically in the custody of the county. Can I ask you about that? Because when I, so Judge Hydens raises a good question, right? When the court says the defendant is committed, can we interpret that? I take him to be saying, can we interpret that as saying, I don't have enough information. Go do some more work. The problem that I've got with that sort of premise is the Maryland statutes that tell us for a judge to commit someone to custody, they must have made the findings that are required to commit somebody, right? That in order to commit somebody, you have to find they're either a danger to the community or there's a likelihood they won't appear. And so when you say, you can't say, I don't know, right? You have to say, based on what I know now, I find that you're a danger, and so I'm going to commit you. I'm open to being convinced otherwise. But before you can say, as they say in all these orders, the defendant is committed without bail, Maryland statutes, am I right, require the district court, the judge, to have made certain findings, right? I believe so, Your Honor, but I don't know that those necessarily need to be articulated by... That's a different question, is whether they have to be articulated. There might not be a Rule 52A2 in the state court system, right? But in order for that to be entered, those findings must have been made. Correct. I'm not saying there's a 52A2 provision in state court, but when the court says you are committed, the court is doing one of two things. It is complying with the law and finding that you are a danger or not likely to appear, or it is violating Maryland law, in which case there are remedies for that that aren't before us, right? I mean, you can seek appeal and or habeas and or mandamus or whatever the state court remedies are, but that's a judge's violation of state law, not a question about the jail's violation. Correct, yes, yes, Your Honor. So back to my arguments regarding harmless error, Your Honor, the proposition that the county jail is the proper subject of this motion for injunction via Ex parte Young is erroneous because Ex parte Young stands for the proposition that a state official may... despite their assertion of 11th Amendment sovereign immunity from enforcing or threatening to enforce an unconstitutional law. Here, the director of the jail is not a state official. She has not asserted 11th Amendment immunity, and she's certainly not threatening to enforce an unconstitutional law. If the judge was faced with this on remand, why would the injunction be to order everyone's release as opposed to enjoin the PTR process? I mean, if the PTR process is unconstitutional, why wouldn't the remedy be to enjoin the PTR process and say, well, we've got an order from a judge committing each of these individuals without bail. If you believe the PTR process is unconstitutional for some reason, the proper injunction from a district court judge is to enjoin the PTR process. Agreed, Your Honor, and that's what is so confounding about this particular case, is that rather than seek an injunction against the judiciary or a declaration that what the judiciary is doing does not meet constitutional requirements, instead, for reasons that are fairly transparent to me, they try to do an end around and affect the judiciary through a proposed injunction against the detention center, the executive, from honoring the commitment orders coming from the judiciary. But in order to have Article III standing, Your Honor, that requires a showing that the defendant is the cause of the injury and that the injunction to be issued will likely redress the injury suffered by the plaintiff. And so here, the injury about which they complain is inflicted by the judiciary, not the executive. But doesn't that depend on what these orders actually mean? I mean, this goes back to the questions that we started with, right? It depends on what these orders mean. But, Judge, if you look at the proposed injunction… Yeah, so I'm with you. I don't understand how the proposed injunction does anything that they're asking. And if they were bound by that as the only relief, I'm with you. But the question is whether there could be relief, right? The injunction doesn't seem to work to me, but we're not limited to that. It doesn't strike me. Well, that's the relief that they were seeking in the court below. And if the district court said injunction denied because the relief you're seeking doesn't do anything, we might have a different case. Well, I mean, understood, Your Honor. But in this particular case, it wouldn't do anything other than result in pure havoc and anarchy because you would have… Oh, I thought what you were going to say is different. It wouldn't be any havoc or anarchy, right? Because the injunction would issue and the jail official would say… Cool. Right? Great. I must release anyone who hasn't received a meaningful individualized hearing with affirmative findings. And so I have a hearing with individualized findings that they're committed without bail. And so, great. Every person that I have here has this commitment pending hearing order, and it commits every defendant after a hearing. So it's satisfying, right? I don't know why there would be any chaos at all. Assuming that that order was sufficient to the executive to say, hey, they've met these requirements, but you've got… But again, that goes back to does the order do that, right? That's why I keep asking the question of what does the order do? Because if the order is, as you're suggesting, what it says it is, right, a commitment, then the injunction does nothing. But if it's something else, then maybe the injunction does something. But I don't know that because I don't have a factual finding from the district court. I understand that, Your Honor. But I think what is quite clear is that the executive is not the cause of injury, and that raises a standing issue. Recently, in the Fifth Circuit in Daves v. Dallas County, Texas, 64F4616, Fifth Circuit, 2023, the Fifth Circuit found in a case very similar to this that the district court erred in not applying the younger abstention doctrine to abstain entirely from entertaining the case. And I quote from page 622. I think you're out of time. You're happy to wrap up, but we don't need you to quote it for us. Very good, Your Honor. Just a final quote from another Fifth Circuit case, O'Donnell v. Harris County. The sheriff is legally obliged to execute all lawful process and cannot release prisoners committed to jail by a magistrate warrant even if the prisoners are committed for want of bail. Judge, it's quite simply our position that the county is not the appropriate party as the subject of Mr. Fraser's motion. Can I ask you one question? Sorry, I told you to wrap up, and then I had a question. You mentioned earlier, and we talked to your colleague, about whether declaratory relief can be had against the judges. Do you believe that declaratory relief can be had against the judges given their otherwise immunity? Judge, I think Eleventh Amendment sovereign immunity immunizes judges from money damages judgments. I don't know that the Eleventh Amendment applies to equitable types of relief. Okay, thank you. Yes. Counsel, happy to hear from you. Thank you. Your Honor, I think the confusion about what those orders mean can be cleared up by the example of one of our plaintiff's cases. I'll point to plaintiff Christopher Butler. At a bail review hearing, the judge considered the fact that he was facing very serious felony charges, but she also considered the fact that he had never been convicted of a crime or failed to appear in court, and so she said in her orders, page 433 of the record, you're going to be detained in the jail, but I'm going to give you a pre-trial option, an authorized pre-trial. The Department of Corrections then took that, sat on it for several months. I'm sorry, but I can try to pull it up, but was there one of these orders that we've been talking about, commitment pending hearing orders issued? Yes. And did it say the defendant is committed without bail? I'm not sure off the top of my head, Your Honor, but he was in the jail. He was committed to the custody of the Department of Corrections. That's not in dispute. I know, but it matters to me. I'm happy to hear your example, but it matters to me on what basis the person ends up in the jail. Are they there because a judge, after a hearing, said, by order, you are committed without bail? Because that looks different than someone who's in jail for some other reason, which is unclear to me. But if I've got one of those orders, that's the rub that I'm having. Sure, Your Honor. I think, I'm not sure whether the order I'm citing at page 433 says that, but I think there must have been a commitment order if he's in the jail. But what happened is that the Department of Corrections sat on this referral and then came back to his counsel many months later and said, we're actually not going to release him because of the nature of the charges he is facing, because of the exact same thing that the judge had looked at and said did not warrant outright detention when she gave the pretrial option. And Mr. Butler sat in that jail for 642 days after a judge had authorized his release, sat there waiting. So there might be a dispute about... And the question is, is there a judicial order put in there? Yes, there's a judicial order that said you can be released or you can be detained. There is no factual dispute that these commitment orders allow the County Department of Corrections to keep people in the jail or to release them. And the problem we have is that even if the commitment order, if the piece of paper is the same, whether you're on pretrial release or you're detained, from a constitutional matter, those things are different. One is a total deprivation. Help me understand why that is, because imagine instead of what we've got here, you had orders that were remarkably clear, right? And so it said the defendant is committed without bail because having had an extensive hearing with counsel within 48 hours, I find the following facts. And those facts lead me to conclude that this person is a danger to the community. And so I commit them without bail, right? There's not a constitutional problem. Anything that happens thereafter, I think, let me say, there's an argument that there's no constitutional problem there, because as your injunction says, all the little checks that Salerno, if I missed one, it wasn't intentional, right? All the little Salerno checks have happened, right? A judge has found that, right? And so now the Constitution has been satisfied. If the executive exercises discretion to do something separately, right, you would have to say not only does Salerno exist, but you've got something beyond that. You need more than an affirmative finding by the court. Sure. I see my time is up, but can I respond? Please. I think the difference between the situation that your Honor is describing and here is that the detention orders do not say, I find that you must be detained, no ifs, ands, or buts. They say you can be detained, but you can also be released. No, no, not may be detained, right? The defendant is committed without bail. The defendant is committed without bail, O.R., P.R. to P.T.R., or they can be released. And that's the constitutional problem is that because of the presumption of release, unless there's been an affirmative determination that there are no workable release conditions, the person can't be detained. I'll wrap up very quickly. Actually, can I ask you? Of course. Bill does something I asked him, your colleague. So would the following be constitutional? The circuit court, again, they have to have this hearing pretty quickly. They have to have it within 48 hours. And they say, look, I'm keenly aware that this is happening preliminarily, but based on the facts that I have right now, I find there's no conditions of confinement that can safely release you. However, I am keenly aware this is a complicated, difficult question, and so what I'm going to ask the executive branch to do is basically act as my law clerk or as the probation department in a federal criminal case, and I'm going to ask them to basically prepare a report. I'm finding that you can't release this person based on what I know now, but I'm open to the possibility that a fuller explanation will reveal that the answer is you can. And so what I'm basically asking this department to do is prepare the equivalent of a PSR and come back to me with a recommendation about whether they think there are, in fact, conditions you can release him. And in the interest, I trust them, so if they conclude he can be, they can just release him. But if they conclude he can't be, they need to come back to me with the report, and the defendant can file objections, and we can do that, and then I will make the finding that you can't be. Is there anything unconstitutional with that? Again, I'm going to posit that you don't think that's the system that happens right now, but is there anything at all unconstitutional about that hypothetical system? I think that would be okay, Your Honor, because there's an affirmative finding that detention is necessary, given the information in front of the judge, and that the ultimate decision is made by the judge. The decision to detain, that is, who is a neutral decision maker. Even though in that situation the executive has unilateral authority to release someone without a finding by the judge? To release someone does not deprive them of their bodily liberty. That may be a problem for other reasons, but that is not a constitutional problem. I guess, put another way, Salerno, at minimum, says the government can detain a person who has these characteristics. There's no requirement that you detain someone who has those. If the executive decides they want to release people whose release would be a danger to the public, that might be a bad idea, but they can do it, right? Sure. In closing, respectfully, to deny the preliminary injunction was not harmless error. There are hundreds of people sitting in the Prince George's County Jail right now, even though a judge has authorized their release, simply because the Department of Corrections is exercising unfettered discretion not to release them. We respectfully ask that this court vacate and remand with instructions to the district court to enter an injunction without further delay. Thank you, counsel. We would normally come down and greet you, but we're going to ask you to walk up here and greet us, if you would be so kind. And then we'll proceed to the third case, Chamber of Commerce v. Learman.
judges: Julius N. Richardson, Toby J. Heytens, Henry F. Floyd